UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JODI GRAESSER,

       Plaintiff,

  v.                                              22-CV-320-LJV
                                                     ORDER

SHARON M. LOVALLO, *et al.*,[1]

       Defendants.
_____

The *pro se* plaintiff, Jodi Graesser, has filed a complaint asserting claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act of 1990 ("ADA"). Docket Item 1. She also has moved to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because she cannot afford it) and has filed the required affidavit. Docket Item 2.

Because the plaintiff meets the statutory requirements of 28 U.S.C. § 1915(a), Docket Item 2, the Court grants her motion to proceed *in forma pauperis*. Therefore, under 28 U.S.C. § 1915(e)(2), the Court screens the complaint. Graesser's complaint may conceivably present a "colorable claim" for damages against the Honorable Sharon LoVallo, and it therefore survives screening under 28 U.S.C. § 1915(e)(2).[2] *See*

---

[1] Graesser names Howard VanRensselaer, Sr., as a defendant. Docket Item 1 at 2. The electronic docket notes "Howard Von Rensselaer, Sr.," as a defendant. The Clerk of the Court shall correct his name on the electronic docket.

[2] Graesser's claims against Judge LoVallo may well be barred by absolute judicial immunity. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Judicial immunity is not simply immunity from damages, however; it is immunity from suit altogether. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This is to ensure "that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to

*Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device which is warranted only when the complaint lacks an arguable basis either in law or in fact [or is] frivolous on its face or wholly insubstantial." (citations omitted)); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (explaining that dismissal under Federal Rule of Civil Procedure Rule 12(b)(6) still may be appropriate notwithstanding a court's earlier finding that the complaint was not "frivolous" for purposes of section 1915(e)(2)).

But for the reasons that follow, certain of Graesser's claims are dismissed under section 1915(e)(2), and the remaining claims with be dismissed under section 1915(e)(2) unless she files an amended complaint correcting the deficiencies addressed below.

## **DISCUSSION**

Section 1915(e)(2) "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action "at any time if the court determines that . . . the

---

himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). Judicial immunity therefore does not give way even to allegations of bad faith or malice. *Mireles*, 502 U.S. at 11. In fact, judicial "immunity is overcome in only two sets of circumstances." *Id*. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Id*. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 12. Because it is conceivable that one of those exceptions applies, the Court defers consideration of the applicability of judicial immunity until both sides can brief the issue—and better explain the facts—on a motion to dismiss.

action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2).  Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."  *Abbas*, 480 F.3d at 639 (citation omitted); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999))). But leave to amend pleadings may be denied when any amendment would be "futile." *Cuoco*, 222 F.3d at 112.

**I.    SCREENING THE COMPLAINT**

In evaluating the complaint, the court accepts all factual allegations as true and draws all inferences in the plaintiff's favor.  See *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").  Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations,"

3

*McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *see Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004).

Graesser has sued the Honorable Sharon LoVallo, a New York State Family Court Judge in Erie County; Howard VanRensselaer, Sr., the Chairman of the Cattaraugus County Legislature; and Marie Cannon, the Commissioner of the Department of Social Services ("DSS"), for violating her due process rights.[3]  Docket Item 1 at 2.  A liberal reading of the complaint tells the following story.

Graesser is the mother of a son with a disability.[4]  *Id.* at 3.  In December 2019, Graesser's son was "taken after [an] ex-parte hearing."  *Id.*  "Erie County [Child Protective Services ("CPS")]/DSS took [Graesser's] son with no written or verbal warning."  *Id.* at 4.  Graesser was not told where her son was taken, but it appears that he was placed in foster care.  *See id.* (seeking a review of son's treatment while in "forced foster care").  Graesser now faces termination of parental rights ("TPR")

---

[3] The complaint instructs the reader to "see [the] affidavit of service document for [a] list of additional defendants."  Docket Item 1 at 2.  Although Graesser attaches an "affidavit" to the complaint, *see id.* at 6, that document does not list any additional defendants.  Graesser also did not refer to any other individuals in the factual allegations of her complaint.  *See id.* at 3-5.  If Graesser intends to bring her claims against additional defendants, she should state the full names of the additional defendants in the case caption of her amended complaint and list the additional defendants as parties to the action.

[4] The complaint alleges that there were "constant and sudden changes of residence of special needs child."  Docket Item 1 at 3.  The Court assumes that Graesser is referring to her son and that he has one or more disabilities.

proceedings,[5] and she asks this Court to postpone the TPR trial set to commence on May 2, 2022. *Id.* at 5.

It also appears that there was or is a dispute about whether Graesser's son should receive certain vaccines and that Judge LoVallo "ordered [Graesser's] son to be vaccinated." *See id.* at 4. Graesser says that in ordering the child's vaccination, Judge LoVallo did not consult the child's "prior records" and "contravened [two] medical exemptions" noted "by medical doctors." *Id.*

## II.   CLAIMS FOR INJUNCTIVE RELIEF

Graesser asks this Court to "[f]acilitate the return of [her] son," *id.*, and to postpone the "TPR [t]rial commencing May 2, 2022[,] in Erie County," *id.* at 5. Given that the TPR trial was scheduled to commence May 2, 2022, the custody proceedings over Graesser's son apparently still are pending,[6] and the Court declines to exercise jurisdiction over Graesser's claim for injunctive relief.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court endorsed "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). But under *Younger*, "district courts should abstain

---

[5] The complaint refers to a "TPR [t]rial." Docket Item 1 at 5. The Court assumes that TPR is being used as an abbreviation for "termination of parental rights." "A termination of parental right[s] happens when a city agency . . . or foster care agency files a petition in Family Court asking a Judge to end a parent's parental rights." https://www.nycourts.gov/courthelp/family/parentalRights.shtml.

[6] Graesser filed the complaint and a motion to proceed *in forma pauperis* on April 27, 2022. Docket Items 1, 2. Since then, Graesser has not filed anything additional to indicate that the TPR proceedings have concluded, and the Court therefore assumes that the TPR proceedings still are pending.

5

from exercising jurisdiction only in three 'exceptional circumstances' involving (1) 'ongoing state criminal prosecutions,' (2) 'certain civil enforcement proceedings,' and (3) 'civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Falco v. Justs. of the Matrim. Parts of Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)).

Graesser's request for this Court to intervene in the ongoing custody proceedings falls squarely in the third category.[7] In fact, "states have an especially strong interest" in "manag[ing] their own . . . custody proceedings." *Id.* (quoting *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel*, 490 F.2d 509, 516 (2d Cir. 1973) (Friendly, J.)). Therefore, this Court may not intervene in those proceedings and issue orders frustrating the state's interest in enforcing Family Court decisions. *See Bukowski v. Spinner*, 709 F. App'x 87, 88 (2d Cir. 2018) (summary order) (quoting *Falco*, 805 F.3d at 428) ("[F]ederal-court abstention is required under [*Younger*], insofar as [plaintiff] seeks declaratory or injunctive relief that would interfere with a '[s]tate court's ability to perform its judicial function in . . . [an ongoing] custody proceeding[ ].'" (alterations in original)).

---

[7] To the extent that Graesser seeks to overturn any custody orders already issued by the Erie County Family Court, those claims likely are barred by the *Rooker-Feldman* doctrine. Under *Rooker-Feldman*, "federal district courts lack subject matter jurisdiction over disputes where a plaintiff essentially seeks review of a state-court decision." *St. Maarten v. J.P. Morgan Chase Bank, N.A.*, 2021 WL 2217503, at *2 (E.D.N.Y. Jan. 14, 2021) (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983)). The doctrine applies when four factors are present: (1) the federal-court plaintiff lost in state court, (2) the plaintiff seeks redress for injuries caused by the state court judgment, (3) the plaintiff seeks federal court review of the state court judgment, and (4) the state court judgment was issued before the federal action was filed. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). All those factors appear to be present here for any custody decisions that already have been made.

In other words, this Court does not have the authority to intervene in Graesser's ongoing state-court custody proceedings nor second-guess any custody decisions made by the state court. Graesser's requests for injunctive relief in the form of an order returning her son to her or halting the ongoing custody proceedings therefore are denied and dismissed without leave to amend because amendment would be futile, *see Cuoco*, 222 F.3d at 112.

### III. SECTION 1983 CLAIMS AGAINST CHAIRMAN VANRENSSELAER AND COMMISSIONER CANNON

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "[T]o act under color of state law, a person must have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Phillips v. Goord*, 2009 WL 909593, at *3 (W.D.N.Y. Apr. 1, 2009) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941))). Moreover, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). It is not enough to assert that the defendant is a "link[] in the [] chain of command." *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004).

Graesser names Chairman VanRensselaer as a defendant but has not made any allegations against him. *See* Docket Item 1 at 2-5. Because personal involvement is a

7

prerequisite to liability under section 1983, Graesser has failed to state a viable section 1983 claim against Chairman VanRensselaer.

Likewise, Graesser has failed to state a viable section 1983 claim against Commissioner Cannon. Graesser says that "Erie County CPS/DSS took [her] son with no written or verbal warning," but she does not allege that Commissioner Cannon personally violated her federal or constitutional rights in any way. *See* Docket Item 1 at 4. And as noted above, personal involvement is required for liability under section 1983—even for defendants in supervisory positions.

Nevertheless, and in light of Graesser's *pro se* status, *see generally Cuoco*, 222 F.3d at 112, Graesser may amend her complaint to allege, if possible, how Chairman VanRensselaer and Commissioner Cannon were personally involved in violating her rights.

### IV.   ADA CLAIMS

Graesser also asserts the ADA as a basis for her claims and asks this Court to order "the cessation of ADA . . . violations." *See* Docket Item 1 at 4. "Title II of the ADA requires that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016) (quoting 42 U.S.C. § 12132). To state a claim under this statute, a plaintiff must allege "(1) that he is a 'qualified individual' with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability." *Hargrave*

8

*v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003) (citing 42 U.S.C. § 12132); *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).

Graesser does not allege that she was discriminated against because of a disability, but she alleges that her son has a disability and seems to assert this claim on behalf her son.  *See supra*, at 4 & n.3.

Although federal law affords parties a statutory right to "plead and conduct their own cases," 28 U.S.C. § 1654, that statute does not permit "unlicensed laymen to represent anyone else other than themselves," *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)); *see also Tse-Ming Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.").  Therefore, to the extent that Graesser seeks to bring ADA claims on behalf of her son, Graesser may not represent her son in this action and those claims are subject to dismissal.  If Graesser's son would like to pursue those claims, an attorney must enter an appearance to represent Graesser's son and file an amended complaint that names Graesser's son as a plaintiff, and an attorney may do so within 45 days of the date of this order.  Otherwise, the claim that Graesser's son was discriminated against in violation of the ADA will be dismissed without prejudice.

## **CONCLUSION**

Because Graesser meets the statutory requirements of 28 U.S.C. § 1915(a), the Court grants her request to proceed *in forma pauperis*, and her claims for damages against Judge LoVallo may proceed.  But her claims for injunctive relief asking this

9

Court to intervene in her ongoing state-court custody proceeding are dismissed under 28 U.S.C. § 1915(e)(2), and her claims against Chairman VanRensselaer and Commissioner Cannon will be dismissed under those same sections unless she files an amended complaint **within 45 days of the date of this order** that corrects the deficiencies noted above and otherwise complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.  To the extent that Graesser seeks to bring an ADA claim on behalf of her son, her son's ADA claims will be dismissed unless **within 45 days of the date of this order**, an attorney enters an appearance to represent Graesser's son and files an amended complaint naming Graesser's son as a plaintiff.

Graesser is advised that an amended complaint is intended to ***completely replace*** the prior complaint in the action and thus "renders [any prior complaint] of no legal effect."  *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)*; see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, any amended complaint must include all allegations against each of the defendants so that the amended complaint stands alone as the only complaint that the defendants must answer in this action.

### ORDER

In light of the above, IT IS HEREBY

ORDERED that Graesser's motion to proceed *in forma pauperis*, Docket Item 2, is GRANTED; and it is further

ORDERED that Graesser's claims for injunctive relief asking this Court to intervene in an ongoing state-court custody proceeding are DISMISSED; and it is further

ORDERED that Graesser may amend her complaint **within 45 days of the date of this order;** and it is further

ORDERED that the Clerk of Court shall send to Graesser with this order a copy of the original complaint, a blank non-prisoner complaint form, and the instructions for preparing an amended complaint;[8] and it is further

ORDERED that if Graesser does not file an amended complaint correcting the deficiencies noted above **within 45 days of the date of this order**, her claims against Chairman VanRensselaer and Commissioner Cannon will be dismissed without further order and the Clerk of Court shall terminate Chairman VanRensselaer and Commissioner Cannon as defendants to this action; and it is further

ORDERED that unless **within 45 days of the date of this order** an attorney enters an appearance to represent Graesser's son and files an amended complaint naming Graesser's son as a plaintiff, her son's ADA claims will be dismissed without prejudice without further order; and it is further

ORDERED that if Graesser does not file an amended complaint correcting the deficiencies noted above **within 45 days of the date of this order**, the Clerk of Court shall cause the United States Marshals Service to serve copies of the summons, complaint, and this order upon defendant Judge LoVallo, without the plaintiff's payment

---

[8] The plaintiff is advised that she may be eligible for help in amending her complaint from the Pro Se Assistance Program, a joint project staffed by the University at Buffalo School of Law and the Erie County Bar Association Volunteer Lawyers Project. The program can be reached by calling 716-847-0662, ext. 340, and leaving a message. Additional information is available at https://www.nywd.uscourts.gov/pro-se-assistance-program-0.

therefor, unpaid fees to be recoverable if this action terminates by monetary award in the plaintiff's favor; and it is further

ORDERED that Graesser must effect service within 90 days of the date the summons is issued. It is Graesser's responsibility to inquire of the Marshals at 716-348-5300 as to whether service has been made and, if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). If, within 90 days of issuance of the summons, Graesser has not made service or requested an extension of time in which to do so, the Court may dismiss this action for failure to prosecute under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure; and it is further

ORDERED that Graesser shall notify the Court in writing if her address changes. The Court may dismiss the action if Graesser fails to do so.

SO ORDERED.

Dated:     May 6, 2022
           Buffalo, New York

                                               */s/ Lawrence J. Vilardo*
                                               LAWRENCE J. VILARDO
                                               UNITED STATES DISTRICT JUDGE