UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JODI GRAESSER,

        Plaintiff,

   v.                                   22-CV-320-LJV
                                        DECISION & ORDER

SHARON M. LoVALLO,

        Defendant.

---

On April 27, 2022, the *pro se* plaintiff, Jodi Graesser, commenced this action under 42 U.S.C. § 1983 and the Americans with Disabilities Act of 1990 ("ADA"). Docket Item 1. She alleges that Erie County Family Court Judge Sharon M. LoVallo violated her right to due process in connection with proceedings in Erie County Family Court. *Id.* She seeks money damages.[1] *Id.* at 5.

On June 1, 2023, LoVallo moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Docket Item 10. On June 21, 2023, Graesser responded. Docket Item 12. And on July 7, 2023, LoVallo replied. Docket Item 13.

For the reasons that follow, LoVallo's motion to dismiss is granted.

---

[1] This Court previously dismissed (1) Graesser's ADA claims asserted on behalf of her son; (2) Graesser's claims for injunctive relief; and (3) Graesser's claims against Howard VanRensselaer, Sr., and Marie Cannon. Docket Item 3.

## **BACKGROUND**[2]

Graesser is the mother of a son with a disability.  Docket Item 1 at 3.  In December 2019, Graesser's son was "taken after [an] ex-parte hearing . . . with no written or verbal warning."  *Id.* at 3-4.  Graesser was not told where her son was taken, but it appears that he was placed in foster care.  *See id.* at 4.  And it seems that Graesser's son has moved "constant[ly] and sudden[ly]" since being removed from her care.  *See id.* at 3.  Graesser now faces potential termination of her parental rights.  *Id.* at 5; *see* Docket Item 3 at 5 n.5.

Additionally, Judge LoVallo "ordered [Graesser's] son to be vaccinated without consulting his prior records."  Docket Item 1 at 4.  LoVallo's vaccination order "contravened [two] medical exemptions specified by medical doctors."  *Id.*

## **LEGAL PRINCIPLES**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

---

[2] On a motion to dismiss, the court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff."  *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).  The following facts are taken from the complaint, Docket Item 1, and are viewed in the light most favorable to Graesser.

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

**I.   MOTION TO DISMISS**

LoVallo advances four arguments for dismissal of the claims against her.  Docket Item 10-1 at 6 (arguing that Graesser's claims must be dismissed due to (1) judicial immunity, (2) the domestic relations abstention doctrine, (3) the *Rooker-Feldman* doctrine, and (4) Graesser's failure to state a claim).  But this Court addresses only the first of those arguments because Graesser's claims are barred by the doctrine of absolute judicial immunity.  *See* Docket Item 3 at 1-2 n.2 (explaining that "Graesser's claims against [] LoVallo may well be barred by absolute judicial immunity").

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (collecting cases).  Judicial immunity is not simply immunity from damages; it is immunity from suit altogether.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  This is to ensure "that a judicial officer, in exercising the authority vested in [her], shall be free to

act upon [her] own convictions, without apprehension of personal consequences to [her]self." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871).  Judicial immunity therefore does not give way even to allegations of bad faith or malice.  *Mireles*, 502 U.S. at 11.

In fact, judicial "immunity is overcome in only two sets of circumstances." *Id*.  "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Id.*  "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 12.

In determining whether a judge's actions are "judicial," the Second Circuit has taken a "functional approach." *Bliven*, 579 F.3d at 209.  The relevant factors include the nature of the judge's action, whether the action ordinarily is performed by a judge, whether the parties expect the judge to take such action, and whether the parties dealt with the judge in her judicial capacity.  *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210.

"[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump*, 435 U.S. at 356.  "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority"; instead, a judge can "be subject to liability only when [s]he has acted in the 'clear absence of all jurisdiction.'" *Id*. at 356-57 (quoting *Bradley*, 80 U.S. at 351).

As LoVallo argues, Graesser "is clearly suing [] LoVallo for her judicial actions taken in her capacity as a Family Court judge."  Docket Item 10-1 at 8.  Graesser's claims arise from Family Court proceedings over which LoVallo presided.  *See generally*

4

Docket Item 1.  LoVallo's conduct therefore was judicial in nature.  *See Bliven*, 579 F.3d at 210.  Graesser alleges no facts suggesting otherwise, nor any facts suggesting that LoVallo acted in the absence of all jurisdiction.  *See id.*

Graesser makes two arguments in response to the motion to dismiss, but neither carries the day.  First, Graesser says that LoVallo is "prejudice[d]" against her and discriminated against her, and that LoVallo has "a personal bias on [the] controversial topic of vaccinations."  Docket Item 12 at 1, 3.  But allegations that a judge is prejudiced or biased cannot overcome absolute judicial immunity.  *See Mireles*, 502 U.S. at 11.

Second, Graesser seems to assert that she is disabled and that LoVallo has violated the ADA by denying her reasonable accommodations during court proceedings.  *Id.* at 4-6.  And, she says, LoVallo "is without immunity concerning ADA claims."  *Id.*  But that is incorrect:  "Courts in this Circuit and others have found judicial immunity to extend to claims under the ADA."  *See Brooks v. Onondaga Cnty. Dep't of Child. & Fam. Servs.*, 2018 WL 2108282, at *4 (N.D.N.Y. Apr. 9, 2018) (collecting cases); *see also* Docket Item 13 (explaining that Graesser confuses sovereign immunity, which is more limited in its application to the ADA, with judicial immunity, which is absolute).

In sum, because Graesser sues LoVallo for her conduct as a Family Court Judge, LoVallo is entitled to absolute immunity.

## II.   LEAVE TO AMEND

Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112

5

(2d Cir. 2000) ("A *pro se* complaint is to be read liberally.  Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999))).  But leave to amend pleadings may be denied when any amendment would be "futile."  *Cuoco*, 222 F.3d at 112.

Here, leave to amend would be futile.  Graesser takes issue with LoVallo's conduct as a judge, and better pleading will not cure that fundamental defect.  The complaint therefore is dismissed without leave to amend.

## **CONCLUSION**

The Court understands Graesser's unhappiness with LoVallo's decisions, and it does not doubt the difficulty that she has experienced being separated from her son.  Moreover, the Court appreciates the depth of the emotions that a parent might experience being separated from a child.  But that does not change the fact that LoVallo is absolutely immune from claims arising from her judicial decisions.

For the reasons stated above, LoVallo's motion to dismiss, Docket Item 10, is GRANTED.  Graesser's complaint is dismissed.  The Clerk of the Court shall close this case.

SO ORDERED.

Dated:   October 6, 2023
        Buffalo, New York

                                                 ***/s/ Lawrence J. Vilardo***
                                                 LAWRENCE J. VILARDO
                                                 UNITED STATES DISTRICT JUDGE